**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KENNETH BLANKENSHIP, THERESA BLANKENSHIP,**

          **Plaintiffs,**

**-vs-**                                              **Case No.  6:12-cv-781-Orl-18DAB**

**FIRST MAGNUS FINANCIAL CORPORATION; WASHINGTON MUTUAL MORTGAGE SECURITIES CORPORATION; WAMU ASSET ACCEPTANCE CORPORATION, ET AL.,**

          **Defendants.**
_____

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration of Plaintiffs' Response to the Court's previous Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction (Doc. 17); and the Response of Defendants JPMorgan Chase Bank ("Chase") and Mortgage Electronic Recordation System ("MERS") (Doc. 20) to Plaintiff's Response.

Plaintiffs, proceeding *pro se*, filed suit on May 23, 2012 against a number of Defendants against whom they alleged claims for wrongful foreclosure, fraud, quiet title, and declaratory relief, contesting the propriety of the mortgage and foreclosure on their real property at 1280 Flatwoods Rd., Mims, Brevard County, Florida.  Plaintiffs pled only state law claims and failed to set forth any allegations of a federal claim to support jurisdiction based on a federal question, 28 U.S.C. § 1331[1].

---

[1] Although Plaintiffs mention several federal statutes (Doc. 1 ¶ 17) in the jurisdiction section of the Complaint, the headings of their actual counts are for "wrongful foreclosure," fraud, quiet title, and declaratory relief. Doc. 1 at 16 – 25.

Therefore, Plaintiffs were ordered to show cause within 14 days why the case should not be dismissed for lack of subject matter jurisdiction.

On July 12, 2012, when Plaintiffs had not filed a timely response to the Order to Show Cause, despite the time having run, the Court recommended to the District Judge that the case be dismissed for lack of subject matter jurisdiction properly pled in the Complaint. Doc. 16. Plaintiffs subsequently filed an untimely Response to the Order to Show Cause. Doc. 17. The presiding District Judge considered the Court's original Report and deferred ruling on the subject matter jurisdiction issue, referring the matter for a new recommendation on the merits in light of Plaintiffs' belatedly-filed response to the Order to Show Cause. Doc. 18. Two of the Defendants then also filed an unauthorized Response to Plaintiffs' Response contending that complete diversity exists pursuant to 28 U.S.C. § 1332. Doc. 20.

Under 28 U.S.C. § 1331, the Court has jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The decision whether a claim arises under federal law for purposes of § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Smith*, 236 F.3d at 1310 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983)).

In their Response, Plaintiffs discuss the general principles underlying the federal Real Estate Settlement Practices Act of 1974 and Fair Debt Collection Practices Act – two of the four substantive

non-criminal statutes alleged in the Complaint. Doc. 1 ¶ 17. They argue that "contained within" their state causes of action – for state claims of wrongful foreclosure, fraud, quiet title, and declaratory relief– they are also "asserting that the Defendants violated various [of] their legal rights." Doc. 17.

Vague references to assertions "contained within" what are clearly state law claims for fraud or wrongful foreclosure are wholly insufficient as a basis for federal jurisdiction. Moreover, the thirty-page Complaint is nearly identical to several others filed in this Court by *pro se* parties undergoing foreclosure of their homes, yet it lacks any specific detail regarding the original mortgage transactions of *these* Plaintiffs or details of their foreclosure. *See* Doc. 1. The Chase and MERS Defendants acknowledge that Plaintiffs had not supported their federal subject matter jurisdiction with appropriate allegations. Doc. 20.

In their Response, Plaintiffs do refer in passing "that all Defendants in this action are deversed [sic] in the State of Florida and therefore the federal diversity statutes apply to this case." Doc. 17. Chase and MERS concede that the allegations in Plaintiffs' Response differ significantly than those contained in the Complaint, which is itself difficult to decipher; thus, they request that Plaintiffs be required to plead their state-law causes of action more plainly in an amended complaint. Doc. 20. These Defendants contend diversity jurisdiction may exist in this case because Plaintiffs are citizens of Florida and all of the defendants are citizens of states other than Florida[2], do not exist, or lack capacity to be sued[3]. Doc. 20.

---

[2] Chase represents that it is a citizen of Ohio; First Magnus Financial Corporation is a citizen of Arizona; Washington Mutual Mortgage Securities Corporation and WaMu Asset Acceptance Corporation are wholly-owned subsidiaries of Chase, and are both citizens of Delaware; and MERS is a citizen of Delaware and Virginia. Doc. 20 at 2.

[3] Chase contends that LaSalle Bank, N.A., which was acquired by Bank of America, N.A. in October 2007, no longer exists; Washington Mutual Pass-Through Certificates, Wmalt Series 2006-5 ("the Trust") is not an entity that has the capacity to sue or be sued, except through its Trustee, and no Trustee has been named in the suit. Doc. 20.

While the Court may have subject matter jurisdiction over Plaintiffs' state claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332, Plaintiffs have failed to adequately plead such jurisdiction in their original Complaint. *See* Doc. 1. It is respectfully **RECOMMENDED** that Plaintiffs be granted leave to amend their Complaint within 14 days from any Order adopting this recommendation to specifically indicate the basis for this Court's jurisdiction; the details of the mortgage transaction; the details of the foreclosure; and specific allegations particular to any claims alleged under a federal statute.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 6, 2012.

          *David A. Baker*

          DAVID A. BAKER
          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy